**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES E. JORDAN, JR.,

    Petitioner,

-vs-                                              Case No. 8:12-CV-1134-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") apparently challenging the prison sentence he received after the state court revoked his probation on his 2007 conviction for possession of cocaine. After undertaking the review of the petition required by Rule 4, Rules Governing Section 2254 Proceedings (2011), the Court found the petition deficient and ordered Petitioner to file an amended petition (see Dkt. 4). Petitioner complied with the order by filing an amended petition (Dkt. 5).

The amended petition, however, is also insufficient and should not be served on Respondent until Petitioner has had an opportunity to cure deficiencies in the amended petition which might otherwise prevent him from presenting all of his claims. Just like in the original petition, Petitioner jumbles a number of unrelated claims into one ground for relief. For example, although Ground One is titled "Violation of Plea Aggrement [sic] Indictment

[sic]," Petitioner does not assert facts supporting either a claim that his plea agreement was violated, or a claim challenging the sufficiency of the Indictment (see Dkt. 5 at pp. 5-6). Instead, Petitioner appears to attempt to assert claims of lack of probable cause for his arrest, insufficiency of the evidence, and trial court error in failing to give a standard jury instruction (Id. at p. 6). Further, in Ground Two Petitioner appears to combine a claim of suppression of evidence by the State with an ineffective assistance of counsel claim (Id. at pp. 8-10). Finally, all of Petitioner's grounds for relief are substantially unintelligible,[1] and do not sufficiently state the facts supporting each claim.

Therefore, for the foregoing reasons, Petitioner's amended petition will be dismissed without prejudice, and the Court will afford him one final opportunity to amend his petition.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's amended petition (Dkt. 5) is **DISMISSED** without prejudice.

2. Petitioner **shall**, on or before **July 26, 2012**, file a second amended petition for writ of habeas corpus that complies with the instructions on the form and sets out each claim for relief with specificity, including a brief statement of the facts supporting each claim. **Unrelated claims for relief must be brought in separate grounds**. Petitioner shall provide the Court with a copy of the second amended petition for the named Respondent.

---

[1] For instance, Petitioner states "Lastly, his counsel had failed to investigate/Demand for Discovery, showed prejudice, and serious issues of complexity and communication, no defense, thus, had left petitioner to defend himself by his own recognize.** (see Pinellas County Docket Information/CRCO723243CFANO/(10-24-07) Jail Time Credit: 176 days)." (Id. at p. 10).

3. The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case with Petitioner's copy of this order. This case number should be affixed to the forms.

4. Failure to comply with this Order within the allotted time **shall** result in the **dismissal** of this action **without further notice**.[2]

**DONE** and **ORDERED** in Tampa, Florida on June 26, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[2] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).