UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES E. JORDAN, JR.,

    Petitioner,

-vs-                                          Case No.  8:12-CV-1134-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") apparently challenging the prison sentence he received after the state court revoked his probation on his 2007 conviction for possession of cocaine. After undertaking the review of the petition required by Rule 4, Rules Governing Section 2254 Proceedings (2011), the Court found the petition deficient and ordered Petitioner to file an amended petition (see Dkt. 4). Petitioner complied with the order by filing an amended petition (Dkt. 5). The amended petition, however, was also deficient. Therefore, the Court ordered Petitioner to file a second amended petition (Dkt. 6).

Petitioner timely filed a second amended petition (Dkt. 7). The second amended petition, however, is likewise deficient, and should not be served on Respondent until Petitioner has had an opportunity to cure deficiencies which might otherwise prevent him

from presenting all of his claims. Although the second amended petition does clearly identify three separate grounds for relief, to wit, "Ground One: Ineffective Assistance of Counsel; Ground Two: Suppression of Evidence; and Ground Three: Due Process of Law;" the facts supporting each ground for relief are relatively incomprehensible. For example, Ground Two states:

> Petitioner contention that state's evidence (pipe), Officer Zitzelberg's statement contradicted his theory of criminal activity. Petitioner's conduct was an drug paraphernalia nature, state had failed to produce substantial evidence to brevity the offense of cocaine possession.
>
> ***
>
> Petitioner contention, thus, no evidence was presented (pipe) during these proceedings or his notice of hearing (12/05/07). Undisputed belief reveals reasonable doubt. Petitioner contention that he have in his possession the amount of cocaine that was indicated in the reports/SPPD, Nar. Pg. 1/2007-065050/Pinellas City Forensics lab No. 07-8654, pg. 3-0.18um (micrometer) 28oz=1g/14oz=1/2g, (0.18um/0.05)=0.3 It doesn't support the offense of felony.

(Dkt. 7 at 7).

The "Due Process of Law" claim presented in Ground Three states:

> Petitioner contention that after continuous efforts in raising these issues 3.850(a) and 3.800(a), was denied due process rights, being violated.
>
> ***
>
> Petitioner contention that there was withholding exculpatory evidence (pipe/discovery never filed/CLC/tr.(8/3/09); PCFL#07-8654/CLC(6/19/12), "no transcripts"/SPPD Nar.pgs.1,2,7,/207-065050). Thus, his constitutional and amendments rights were infringed upon, (Fla.R.Crim.P. 3.850(a), such as: 4th illegal arrest/search/seizure(pipe)/discovery(8-3-09) *falsified evidence(discovery), 6th, in which his liberty was scorned, (due to

>insubstantial evidence as based on uncontested proof of allegation, thus as are suit on an unjust cause of illegal detainment.

(Id. at 9).

Therefore, for the foregoing reasons, Petitioner's second amended petition will be dismissed without prejudice, and the Court will afford him one last opportunity to amend his petition.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's second amended petition (Dkt. 7) is **DISMISSED** without prejudice.

2. Petitioner **shall**, on or before **November 15, 2012**, file a third amended petition for writ of habeas corpus that complies with the instructions on the form and sets out each claim for relief with specificity, including a brief statement of the facts supporting each claim. **Unrelated claims for relief must be brought in separate grounds**. **Moreover, Petitioner must clearly set forth comprehensible facts supporting each ground.** Petitioner shall provide the Court with a copy of the third amended petition for the named Respondent.

3. The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case with Petitioner's copy of this order. This case number should be affixed to the forms.

4.	Failure to comply with this Order within the allotted time **shall** result in the **dismissal** of this action **without further notice**.[1]

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).